IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SAMMIE L. NETTERS, JR., et al.,      )
                                     )
     Plaintiffs,                     )
                                     )
v.                                   )    No. 04-2396 Ma/V
                                     )
TENNESSEE DEPT. OF CORRECTION,       )
et al.,                              )
                                     )
     Defendants.                     )

ORDER REQUIRING PLAINTIFFS TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS AND TO DEFENDANT JONES' "ADDENDUM" TO HER MOTION TO DISMISS BY JULY 5, 2005

Before the court is defendant Tennessee Department of Correction's November 17, 2004, motion to dismiss. Also before the court is defendant Brenda Jones' December 20, 2004, motion to dismiss. On April 5, 2005, this court entered an order to show cause requiring the Plaintiffs to respond to the Defendants' motions to dismiss within eleven days from the date of the order. On April 15, 2005, Plaintiffs filed a "Motion for Extension of Time to Respond to the Show Cause Order" which was granted by the court on April 19, 2005. On April 22, 2005, defendant Brenda Jones filed an "addendum" to her motion to dismiss. On April 25, 2005, Plaintiffs responded to the show cause order. In their response, the Plaintiffs asked the court to allow them additional time to

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-6-05



obtain initial discovery before responding to the motions to dismiss. The Plaintiffs also asked the court for additional time to respond to the addendum to Jones' motion to dismiss.

There is no need for the Plaintiffs to obtain "initial discovery" before responding to the Defendants' motions to dismiss. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is a defense that is based solely on alleged legal deficiencies of a plaintiff's complaint. Barrett v. Harrington, 130 F.3d 246, 251 (6th Cir. 1997). Therefore, in determining whether to grant or deny a motion to dismiss the court considers only the facts alleged in the complaint and does not consider whether those factual allegations are supported by evidence. Thus, the Plaintiffs do not need time for discovery before responding to the motions to dismiss.

Defendant Jones' addendum, however, raises additional legal issues not raised in her original motion to dismiss, and Plaintiffs will need additional time to respond to these new arguments. Plaintiff is hereby ordered to respond to both motions to dismiss and to defendant Jones' "addendum" by Tuesday, July 5, 2005.

So ordered this 2d day of June 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

2



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:04-CV-02396 was distributed by fax, mail, or direct printing on June 6, 2005 to the parties listed.

---

Pamela S. Lorch
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Paul James Springer
LAW OFFICE OF PAUL J. SPRINGER
100 N. Main Bldg.
Ste. 3015
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT