IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY *cg* D.C.

05 AUG 30 PM 5: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| SAMMIE L. NETTERS, JR., et al., )<br><br>    Plaintiffs, )<br><br>v. )<br><br>TENNESSEE DEPT. OF CORRECTION, )<br>et al., )<br><br>    Defendants. ) | No. 04-2396 Ma/P |

---

ORDER GRANTING DEFENDANTS TENNESSEE DEPARTMENT OF CORRECTIONS'
AND BRENDA JONES' MOTIONS TO DISMISS, AND DISMISSING WITHOUT
PREJUDICE PLAINTIFFS SAMMIE L. NETTERS' AND MARCUS LEE'S SUITS

---

Plaintiffs Sammie L. Netters, Jr. ("Netters"), Marcus Lee ("Lee"), and Constance D. Davison ("Davison"), guardian of Rajai Davison, next of kin to James Dixon ("Dixon"), deceased (collectively "the Plaintiffs"), bring this action under 42 U.S.C. § 1983, alleging that the Tennessee Department of Corrections ("TDOC"), 11 TDOC employees, and 5 inmates at the Northwest Correctional Complex in Tiptonville, Tennessee (the "Northwest Correctional Complex"), violated the Eighth Amendment rights of Netters, Lee, and Dixon.[1] The Plaintiffs also bring state law claims under the Tennessee Human Rights Act (the "THRA"), T.C.A. § 4-21-101, et seq.

---

[1] The Plaintiffs' Complaint refers to the "Southwest Tennessee State Regional Correctional Facility." According to TDOC, no facility with that name exists, and, at the relevant time, Netters, Lee, and Dixon were incarcerated at the Northwest Correctional Complex. (Mem. in Supp. of TDOC's Mot. to Dis. at 1.)

Before the court is TDOC's November 17, 2004, motion to dismiss. Also before the court is defendant Brenda Jones' ("Jones")[2] December 20, 2004, motion to dismiss. On April 5, 2005, this court entered an order to show cause requiring the Plaintiffs to respond to TDOC's and Jones' motions to dismiss within 11 days. On April 15, 2005, the Plaintiffs filed a "Motion for Extension of Time to Respond to the Show Cause Order" which was granted on April 19, 2005. On April 22, 2005, Jones filed an "addendum" to her motion to dismiss raising new legal arguments. On April 25, 2005, the Plaintiffs filed a response to the show cause order in which they asked for additional time to obtain initial discovery before responding to the motions to dismiss. The Plaintiffs also asked the court for additional time to respond to the addendum to Jones' motion to dismiss. On July 2, 2005, the court entered an order denying the Plaintiffs' request for additional time to obtain initial discovery before responding to the motions to dismiss, but giving the Plaintiffs until July 5, 2005, to respond to the motions to dismiss and to Jones' addendum to her motion to dismiss. The Plaintiffs never filed a response. For the following reasons, the court GRANTS TDOC's and Jones' motions to dismiss, and DISMISSES Netters' and Lee's suits without prejudice.

---

[2] Jones, the Associate Warden of Operations at the Northwest Correctional Complex, is one of the 11 TDOC officials named as a defendant in the Complaint. (Compl. at ¶ 11.)

## I. Jurisdiction

Because this case arises under federal law, the court has jurisdiction under 28 U.S.C. § 1331. The court has supplemental jurisdiction to adjudicate state law claims arising out of a common nucleus of operative facts under 28 U.S.C. § 1367(a).

## II. Background

The following facts are taken from the Complaint. Although not explicitly stated in the Complaint, the court has inferred from the parties' filings that Netters, Lee and Dixon were inmates in the Northwest Correctional Complex when the events described in the Complaint occurred. Netters and Lee are black. (Compl. at ¶¶ 5, 6.) The Complaint does not state Dixon's race.

On Saturday, May 24, 2003, Paul Hayes ("Hayes"), an inmate in the Northwest Correctional Complex, approached Netters "on the unit yard and made various threats." (Id. at ¶¶ 19, 24.) Netters informed officers at the Northwest Correctional Complex of the threats and told them that Hayes, and other members of his gang, might possess "shanks." (Id. at ¶ 24.) On Sunday May 25, 2005, two of the gang members were searched and were found to have "shanks." (Id.) Other known members of the same gang were allowed to return to their cells without being searched. (Id.)

Around 7:30 a.m. on May 26, 2003, Hayes and another gang member forced their way into Netters' cell. (Id.) Hayes questioned Netters about reporting to prison officials that two of Hayes'

3

fellow gang members were in possession of "shanks." (Id.) Following the questioning, Hayes signaled to several of his fellow gang members, who then forced their way into the cell. (Id.) The gang members used "shanks" to assault Netters, Lee, and Dixon. (Id.) Dixon was stabbed 18 times and died immediately. (Id.) Netters was stabbed in the head. (Id.) Lee was stabbed 5 times. (Id.) Officer Billy Stewart was on-duty, but made no attempt to end the attack. (Id.) The gang members should not have been in the part of the prison containing Netters' cell, but had been permitted to enter by prison officials. (Id.)

## III. Standard of Review For Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed.

4

Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 889, 902 (6th Cir. 2003).

## IV. Analysis

### A. Netters' and Lee's Claims

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), "requires the exhaustion of all 'available' state 'administrative remedies' by [a] prisoner before a federal court may entertain and decide his § 1983 action." Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

In the Sixth Circuit, "prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies. A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his

5

complaint." <u>Brown</u>, 139 F.3d at 1104. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e. A dismissal under § 1997e should be without prejudice." <u>Boyd v. Corrections Corp. of America</u>, 380 F.3d 989, 994 (6th Cir. 2004) (internal citations omitted). "District courts should enforce the exhaustion requirement <u>sua sponte</u> if not raised by the defendant." <u>Brown</u>, 139 F.3d at 1104.

The record contains no indication that Netters and Lee are not currently incarcerated. Thus, the PLRA appears to apply to Netters' and Lee's § 1983 claims.[3] The Plaintiffs' Complaint does not aver that Netters and Lee have exhausted their state administrative remedies and does not contain attachments showing the outcome of administrative decisions. Because Netters and Lee have not complied with § 1997e of the PLRA the court dismisses their § 1983 claims against all the defendants without prejudice.

"A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." <u>Musson Theatrical, Inc. v. Federal Express Corp.</u>, 89 F.3d 1244, 1254 (6th Cir. 1996) (citation omitted). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over

---

[3] The PLRA is inapplicable to suits brought by non-prisoners. <u>Cox v. Mayer</u>, 332 F.3d 422, 424 (6th Cir. 2003). Therefore, the § 1983 claim brought by Davison, on behalf of plaintiff Rajai Davison, Dixon's next of kin, is not barred for failure to exhaust state administrative remedies.

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Consequently, "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Id. at 1254-55 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)); see also Brandenburg v. Housing Authority of Irvine, 253 F.3d 891 (6th Cir. 2001) ("In fact, the usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment."). The only federal claims raised by Netters and Lee are their § 1983 claims. Because the court has dismissed all of their federal claims the court declines to exercise supplemental jurisdiction over their remaining state law claims and dismisses those claims without prejudice.

## B. Davison's § 1983 Claim Against TDOC

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity ... or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (citing Welch v. Texas Dept. of Highways and Public Transportation, 483 U.S. 468,

472-473 (1987) (plurality opinion)). TDOC is a department of the state of Tennessee. Consequently, TDOC is immune from suit under § 1983 and the court grants TDOC's motion to dismiss Davison's § 1983 claim against TDOC. See, e.g., Hinds v. State of Tenn., 888 F.Supp. 854, 857 (W.D. Tenn. 1995) (holding that the Eleventh Amendment barred a plaintiff's § 1983 claim against the Tennessee Board of Paroles).

### C. Davison's § 1983 Claim Against Jones

A plaintiff bringing suit under § 1983 must show both "the deprivation of a right secured by the Constitution or laws of the United States" and that "the deprivation was caused by a person acting under color of law." Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996)(internal quotations and citations omitted). In this case, Davison alleges that Jones deprived Dixon of his Eighth Amendment rights. The Eighth Amendment provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. Amend. VIII. It imposes a duty upon prison officials to provide humane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Prison officials also have a duty ... to protect prisoners from violence at the hands of other prisoners." Id. at 833. However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.

A prison official violates the Eighth Amendment only when two

requirements are met. First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). Second, a prison official must have a "sufficiently culpable state of mind." Id. (citations omitted). In prison-conditions cases, that state of mind is one of "deliberate indifference" to inmate health or safety. Id. at 828, 834.

Under the deliberate indifference standard, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 847. A prison official is not free to ignore obvious dangers to inmates and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. See id. at 843-44. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration by either direct evidence or by inference from circumstantial evidence, and the trier of fact "may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842.

Therefore, the elements Davison must prove to make out a § 1983 claim against Jones are that there was a substantial risk of serious harm to Dixon, Jones knew of the risk, and Jones

disregarded that risk. To survive Jones' motion to dismiss, the Complaint must contain direct or inferential allegations with respect to each of these elements. <u>Wittstock</u>, 330 F.3d at 902. The Complaint alleges that prison officials knew who the members of Hayes' gang were and that some of the gang members possessed "shanks," but did not search all the gang members for "shanks." The Complaint also alleges that prison officials were aware that Hayes had threatened Netters and that prison officials had allowed Hayes and his gang members to enter the portion of the prison housing Netters, Lee, and Dixon. The Complaint, however, does not state explicitly or implicitly that there was a substantial risk of harm to Dixon and that prison officials knew of that risk. The Complaint gives no explanation about why Dixon was present in Netters' cell at the time of the attack or why Hayes' gang members attacked Dixon.

Officials are prohibited from placing inmates in harm's way gratuitously, but, as the Seventh Circuit has stated, "[t]he qualification 'gratuitously' is important, because prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." <u>Riccardo v. Rausch</u>, 359 F.3d 510, 514 (7th Cir. 2004). Because the Complaint does not contain direct or inferential allegations that there was a substantial risk of serious harm to Dixon, and that Jones, or other prison officials, knew of the risk, the court grants Jones' motion

10

to dismiss Davison's § 1983 claim against Jones.

### D. Davison's THRA Claim Against TDOC and Jones

The THRA prohibits discrimination because of "race, creed, color, religion, sex, age or national origin." T.C.A. § 4-21-101(a)(3). The Complaint does not state that Dixon was discriminated against for any of these reasons. The Complaint states that Netters and Lee are black, but does not state Dixon's race. Consequently, Davison has failed to state a claim under the THRA against TDOC or Jones for which relief can be granted. The court grants TDOC's and Jones' motions to dismiss Davison's THRA claims against TDOC and Jones.

### V. Conclusion

For the foregoing reasons, the court GRANTS defendants Tennessee Department of Corrections' and Brenda Jones' motions to dismiss. In addition, plaintiffs Sammie Netters' and Marcus Lee's suits are DISMISSED WITHOUT PREJUDICE.

So ordered this 29ᵗʰ day of August 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 32 in
  case 2:04-CV-02396 was distributed by fax, mail, or direct printing on
September 1, 2005 to the parties listed.

---

Pamela S. Lorch
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Paul James Springer
LAW OFFICE OF PAUL J. SPRINGER
100 N. Main Bldg.
Ste. 3015
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT